IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NEAL TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 4:15-cv-385-RC-CMC |
| | § | |
| UNIQUE MOTORSPORTS, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S RULE 12(b)(6) MOTION TO DISMISS
## DEFENDANT'S COUNTERCLAIM AND BRIEF IN SUPPORT

Plaintiff Neal Technologies, Inc. ("NTI") moves for an order under Rule 12(b)(6) dismissing Defendant Unique Motorsports, Inc.'s ("UMI") August 24, 2015 counterclaim (Doc. 13, ¶¶ 88–98). The grounds for the motion are as follows:

### Introduction

Defendant UMI responded to NTI's trademark infringement suit by filing a counterclaim demanding a declaratory judgment that, "among other things, . . . NTI has no right to interfere with UMI's use of the term bulletproof and/or inflections and/or variations thereof." (Doc. 13, ¶ 98.) UMI's counterclaim, however, is redundant of NTI's claims and does not raise any issues that will not be resolved by this Court's determination of the claims alleged in NTI's Complaint. Further, UMI's counterclaim is cursory and fails to state a claim for which relief can be granted, apart from the defeat of NTI's claims. Because UMI's declaratory judgment counterclaim is wholly duplicative of NTI's claims, the counterclaim should be dismissed.

1

**Factual Background**

Plaintiff NTI is the developer of after-market auto parts that improve the performance and durability of Ford diesel pickup truck engines.  Among them is a product known as the "BulletProof EGR Cooler"—a patented replacement part for Ford Powerstroke diesel pickup trucks that remedies a known defect in the engine cooling system originally installed by the manufacturer.  NTI has made substantial investments into researching, developing, and marketing its unique line of products.  Because of those products' unique qualities and as a result of NTI's marketing efforts, the BulletProof EGR Cooler and NTI's other branded products and services have become widely identified in the relevant market, and are identified and known through the inherently distinctive "BulletProof" marks.  Those marks include both registered and unregistered marks employing the terms "BulletProof Diesel" and "BulletProof."

Defendant UMI purports to customize, repair, and modify trucks and cars, including providing services and parts which UMI says will improve "[Ford] Powerstroke diesel performance," and it does so using the term "BulletProof" and other similar marks to advertise its goods and services.  For example, even though UMI admittedly does not sell or install any NTI products, it has advertised that it installs a "BulletProof EGR" on Ford diesel trucks, and uses the word "bulletproof" in other ways that cause confusion about the origin of the products and services UMI provides.  When UMI rejected NTI's demands that UMI cease its infringing uses of NTI's marks, NTI brought this suit seeking injunctive relief and damages.

## Argument & Authorities

### I.      Rule 12(b)(6) Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a claim (or counterclaim) may be dismissed for failure to state a claim upon which relief may be granted.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim for relief that is plausible on its face.  *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795–96 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)).  A complaint must make a "showing, rather than a blanket assertion, of entitlement to relief" supported by sufficient "factual allegation[s]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).  A complaint that provides only labels and conclusions or a formulaic recitation of elements is insufficient to show grounds for the plaintiff to be entitled to relief.  *Iqbal*, 556 U.S. at 678; *Twombly*, 440 U.S. at 555 & n.3.

A declaratory judgment claim that is redundant of another claim may be subject to dismissal under Rule 12(b)(6).  "In the Federal Rule of Civil Procedure 12(b)(6) context, courts regularly reject declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit." *Wuenschel v. Steris Corp.*, 4:10-CV-7, 2010 WL 1068156, at *2 (E.D. Tex. Mar. 16, 2010), *report and recommendation adopted*, 2010 WL 1068153 (E.D. Tex. Mar. 22, 2010) (quoting *Regus Mgmt. Group, LLC, v. Int'l Bus. Mach. Corp.*, No. 3:07-CV-1799-B, 2008 WL 2434245, at *2 (N.D. Tex. June 17, 2008)); *see Am. Equip. Co. v. Turner Bros. Crane & Rigging, LLC*, No. 4:13-CV-2011, 2014 WL 3543720, at *4 (S.D. Tex. July 14, 2014) ("Courts in the Fifth Circuit regularly

3

reject declaratory judgment claims seeking the resolution of issues that will be resolved as part of the claims in the lawsuit.") (gathering cases); *see also JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 79 F. Supp. 3d 643 (E.D. Tex. 2015) (dismissing counterclaim for declaratory relief on motion for summary judgment on grounds that the counterclaim was duplicative of issues raised in plaintiff's suit).

When assessing a motion to dismiss a counterclaim as duplicative of the plaintiff's claim, the question is "whether the counterclaim adds any claims that will not be addressed by [the plaintiff's] lawsuit." *Wuenschel*, 2010 WL 1068156, at *2. A "declaratory judgment that merely restates a party's defenses is insufficient unless the party can prove that there are issues of greater ramification to be resolved." *Hanson Aggregates, Inc. v. Roberts & Schaefer Co.*, No. 3:05-CV-1883-P, 2006 WL 2285575, at *3 (N.D. Tex. Aug. 9, 2006).

In *Am. Equip. Co.*, for example, Judge Harmon determined that the defendant's counterclaim was "a pure mirror image" of the plaintiff's breach-of-contract claim. 2014 WL 3543720, at *4. The counterclaim did not introduce any new facts or issues, and the defendant did not show that granting its request for declaratory relief would have any effect beyond that which would result from resolving the plaintiff's original breach of contract claim. *Id.* After noting that "granting a counterclaim for declaratory judgment will have no effect beyond that which will result from resolving the pending claims," Judge Harmon dismissed the declaratory judgment counterclaim. *Id.* at *5.

## II.      Resolution of NTI's Claims will Fully Resolve NTI's Mirror-Image Counterclaim

UMI's declaratory judgment counterclaim adds no issues to the suit that will not be fully resolved with NTI's claims.  NTI's suit alleges claims against UMI for federal and common law trademark infringement, unfair competition, and false designation of origin and, on that basis, prays for a permanent injunction against UMI's further use of the marks and for damages.  (Doc. 4, pp. 7–13.)  UMI answered NTI's Complaint by denying the allegations of infringement and asserting *sixteen* individual affirmative defenses, including that the BulletProof marks are generic or that NTI's use of the marks is protected by the doctrines of classic and nominative fair use.[1]  (Doc. 13, pp. 2–14.)

UMI then asserts a counterclaim that "adopts and incorporates by reference [UMI's] admissions, denials, and explanations from all of the foregoing Paragraphs" of the Answer. (Doc. 13, ¶ 88.)  The Counterclaim proceeds to make several statements with references to inadmissible evidence and authorities, which UMI apparently believes proves that NTI's BulletProof marks are "generic" or that the marks are descriptive and subject to a fair use defense.  (*Id*. at ¶¶ 93–97.)  UMI then concludes its Counterclaim with the following perfunctory demand for declaratory relief:

> UMI is entitled to, among other things, a declaration that NTI has no right to interfere with UMI's use of the term bulletproof and/or inflections and/or other variations thereof apart from either of the alleged marks (as a whole) shown in U.S. Trademark Reg. Nos. 4,235,578 and 4,262,825 for BULLETPROOFDIESEL.COM and BULLETPROOFDIESEL.COM (with a design), respectively.

---

[1] A number of UMI's affirmative defenses are conclusory and fail to give adequate notice of the defenses alleged and are therefore the subject of NTI's Rule 12(f) motion to strike, filed contemporaneously with this motion.

5

(*Id*. at ¶ 98.)

There are *no* allegations in the Counterclaim that NTI ever "interfered" with UMI's use of the term "bulletproof" in any way.  Nor are there any allegations that NTI ever threatened to interfere with UMI's marks other than its promise to file suit to enforce its rights, which promise NTI fulfilled by initiating this action.  Rather, the most that can be gathered from UMI's counterclaim is that NTI's claims against it should fail, and presumably (because the Counterclaim does not say) for the reasons stated in UMI's denials and affirmative defenses.  Indeed, the outcome of NTI's own claims for relief will necessarily resolve the question of NTI's right to demand that UMI cease its unauthorized use of NTI's claimed trademarks, and UMI's counterclaim does nothing more than restate its affirmative defenses to NTI's claims.

All issues pertinent to NTI's right to "interfere" with UMI's use of the claimed marks are raised by NTI's Complaint and UMI's corresponding denials and affirmative defenses.  Because the resolution of NTI's claims will necessarily determine the outcome of UMI's claim for a declaratory judgment, UMI's perfunctory, mirror-image counterclaim adds nothing to the suit and should be dismissed.

### III.  UMI's Counterclaim Does Not Provide Fair Notice of the Claim

UMI's Counterclaim should also be dismissed because it fails to make any factual allegations that describe the basis for its claim for relief.  Rather, after citing some inadmissible and irrelevant facts, UMI concludes with a demand for a declaration without identifying so much as a single legal theory that supports the claim for relief.

And even the scope of UMI's claimed relief is unclear at best.  UMI says that it is entitled to, "***among other things***, a declaration that NTI has no right to interfere with UMI's use of the term bulletproof and/or inflections and/or other variations thereof." (Doc. 13, ¶ 98.)  But one can only speculate about what "other things" UMI has in mind.

Facial plausibility "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78.  A complaint must make a "showing, rather than a blanket assertion, of entitlement to relief" supported by sufficient "factual allegation[s]." *Twombly*, 550 U.S. at 556 n.3.  The threshold requirement of an adequate pleading plays an important role in litigation:  "[A] district court must retain the power to insist upon some specificity in pleading" in a complaint, "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value." *Twombly*, 550 U.S. at 556 (internal citations omitted).

UMI's token counterclaim does not show a right to relief that is plausible, apart from what amounts to a restatement of UMI's affirmative defenses to NTI's claims.  UMI's declaratory counterclaim should therefore be dismissed.

## <u>Prayer</u>

WHEREFORE, NTI requests that the Court enter an order dismissing UMI's counterclaim for a declaratory judgment.

Dated: September 14, 2015

/s/ Philip A. Vickers
Scott A. Fredricks
Texas Bar No. 24012657
sfredricks@canteyhanger.com
Philip A. Vickers
Texas Bar No. 24051699
pvickers@canteyhanger.com

CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
Telephone:  (817) 877-2800
Fax:  (817) 877-2807

ATTORNEYS FOR PLAINTIFF
NEAL TECHNOLOGIES, INC.

### Certificate of Service

I certify that on September 14, 2015 the foregoing document was served on counsel for Defendant via the Court's ECF system.

/s/ Philip A. Vickers
Philip A. Vickers