**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NEAL TECHNOLOGIES, INC. | § | |
| V. | § | No. 4:15cv385-RC-CMC |
| UNIQUE MOTORSPORTS, INC., ET AL. | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

On June 27, 2016, the United States Magistrate Judge issued a Report and Recommendation [Doc. # 102], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended Defendants' Motion for Partial Summary Judgment regarding Plaintiff NTI's defenses of unclean hands and estoppel be granted.

### BACKGROUND

Plaintiff Neal Technologies, Inc. d/b/a BulletproofDiesel.com ("Plaintiff") brings this suit against Unique Motorsports, Inc. ("UMI"), Dustin Helms, and Nathan Hall (collectively "Defendants") for trademark infringement, unfair competition, false designation of origin, and false descriptions under the Lanham Act and Texas law. Defendants moved for partial summary judgment on Plaintiff's defenses of unclean hands and estoppel in response to Defendants' counterclaims for cancellation of Plaintiff's alleged trademark registrations.

### THE REPORT AND RECOMMENDATION

In her 16-page Report and Recommendation, the Magistrate Judge first recommended Defendants' motion for summary judgment regarding Plaintiff's affirmative defense of unclean

hands be granted. The Magistrate Judge relied on *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852 (5th Cir.1979), *cert. denied,* 445 U.S. 917 (1980), wherein the Fifth Circuit Court of Appeals explained as follows:

> The maxim of unclean hands is not applied where plaintiff's misconduct is not directly related to the merits of the controversy between the parties, but only where the wrongful acts 'in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.' *Keystone Driller Co. v. General Excavator Co.,* 290 U.S. 240, 245, 54 S.Ct. 146, 78 L.Ed. 293 (1933). The alleged wrongdoing of the plaintiff does not bar relief unless the defendant can show that he has personally been injured by the plaintiff's conduct. *Lawler v. Gillam,* 569 F.2d 1283, 1294 (4th Cir.1978).

*Id.* at 863.

The Magistrate Judge found the alleged Clean Air Act violation does not relate directly to the subject matter of this action as required for an unclean hands defense. The Magistrate Judge further concluded Plaintiff has not produced evidence it has been personally injured by the alleged Clean Air Act violation.

The Magistrate Judge next considered Plaintiff's assertion that Defendants are estopped from seeking cancellation of Plaintiff's registered marks in light of Defendants' prior acknowledgment of the validity of the marks. To the extent Plaintiff seeks to rely on a common law equitable defense of estoppel, the Court recommended Defendants' motion for summary judgment regarding such a claim be granted. The Court further recommended Defendants' motion be granted regarding any acquiescence defense (also referred to as "estoppel by acquiescence") asserted by Plaintiff as a defense to Defendants' counterclaim of cancellation.

## **OBJECTIONS**

On July 8, 2016, Plaintiff filed objections to the June 27 Report and Recommendation. However, Plaintiff's objections are conditional because Plaintiff asserts Defendants' cancellation counterclaims have been dismissed in the Court's July 6, 2016 Order Adopting, thus mooting

Plaintiff's affirmative defenses. If the Court does not likewise agree Defendants' counterclaims have been dismissed in full,[1] Plaintiff would like the Court to consider its' objection to the Magistrate Judge's recommendation on Plaintiff's affirmative defense of unclean hands,

### *DE NOVO* REVIEW

Plaintiff conditionally objects solely to the portion of the June 27 Report and Recommendation regarding its affirmative defense of unclean hands. Having received no objection to the portion of the report recommending Defendants' motion for summary judgment regarding any estoppel defense be granted, the Court hereby adopts that portion of the report as the findings and conclusions of this Court.

With regard to the unclean hands defense, Plaintiff asserts Defendants/Counterclaimants' acts of installing "EGR Delete" is violative of the Clean Air Act and as such bars relief. (Answer to Counterclaims at pg. 14). According to Gene Neal, Plaintiff's President, Plaintiff's BULLETPROOF, BULLET PROOF, BULLETPROOFDIESEL, BULLET PROOF DIESEL, AND BULLETPROOFDIESEL.COM marks ("BulletProof Marks") were registered for association with, among other things, pollution control devices manufactured and sold by Plaintiff, specifically exhaust gas recirculation, or "EGR," coolers. Neal Decl., ¶¶ 2, 6. According to Neal,

> EGR coolers are emissions control devices designed to cool down hot exhaust gasses before they are reintroduced back into the engine in order to reduce the formation and emission of Nitrous Oxide compounds, thus reducing the formation of pollutants. NTI redesigned its BulletProof EGR Coolers to solve a longstanding problem with the original EGR coolers installed by Ford in its Diesel PowerStroke engines, which were prone to failure. NTI's BulletProof EGR

---

[1] According to Plaintiff, Defendants have indicated they still intend to seek cancellation of Plaintiff's registered trademarks at trial based on a theory that the registered marks are descriptive and have not acquired secondary meaning. The Court does not address within the context of this Order Adopting whether cancellation remains an issue for trial.

> Cooler cures the problems presented by Ford's factory-installed EGR cooler while retaining the pollution control functionality of Ford's original device.
>
> NTI takes pains to educate its customers about the illegality of installing EGR deletes on trucks, including a dedicated page of its website titled 'Rethinking the EGR Delete.'. . . An 'EGR delete' is a device designed to bypass or eliminate the factory-installed EGR coolers.

*Id.*, ¶¶ 6, 7.

Plaintiff distinguishes *Mitchell Bros.* relied upon by the Magistrate Judge, asserting Defendants' alleged infringement of Plaintiff's trademarks is immediately and directly tied to Defendants' alleged violations of the Clean Air Act. According to Plaintiff, by marketing EGR deletes using Plaintiff's trademarks, "Defendants cemented a direct link between their infringement and their illegal conduct in a way that not only improperly associates [Plaintiff's] trademark with products not manufactured by [Plaintiff], but does so with products and services that violate the Clean Air Act." (Doc. # 120 at pg. 7).

It is well-settled that a defense of unclean hands is not to be considered independently of the merits of a plaintiff's claim. *Bambu Sales, Inc. v. Testini*,1988 WL 138055, at *3 (E.D.N.Y. Dec. 21, 1988) (citing *Republic Moulding Corporation v. B.W. Photo Utilities,* 319 F.2d 347, 350 (9th Cir.1963 & *A.H. Emery Company v. Marcan Products Corporation*, 389 F.2d 11, 18 (2d Cir.) *cert. denied,* 393 U.S. 835 (1968)). The Court is not convinced the alleged Clean Air Act violation relates directly to the subject matter of this action as required for an unclean hands defense.

Even assuming it does, the affirmative defense still fails. As noted by the Magistrate Judge, the alleged wrongdoing of the plaintiff does not bar relief unless the defendant can show that he has personally been injured by the plaintiff's conduct. *Mitchell Bros.*, 604 F.2d at 863.

The Court agrees with the Magistrate Judge that there is insufficient evidence that Plaintiff has been personally injured by the alleged Clean Air Act violation.[2]

After careful consideration, the Court concludes Plaintiff's objections are without merit and are, therefore, overruled. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. It is therefore

**ORDERED** the Report and Recommendation of United States Magistrate Judge [Doc. # 102] is adopted. It is further

**ORDERED** Defendants' Motion for Partial Summary Judgment regarding Plaintiff NTI's defenses of unclean hands and estoppel (Doc. # 64) is **GRANTED**.

So **ORDERED** and **SIGNED** this **16** day of **July, 2016.**

_____
Ron Clark, United States District Judge

---

[2] According to Plaintiff, its damages arising from Defendants' alleged infringement are inseparable from the damages arising from Defendant UMI's alleged use of the terms in marketing illegal EGR deletes.