# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| NEAL TECHNOLOGIES, INC. | § § § § § § § § § | |
| v. | | Civil Action No. 4:15-CV-00385 <br> Judge Mazzant |
| UNIQUE MOTORSPORTS, INC., DUSTIN HELMS; DUSTIN HELMS, and NATHAN HALL | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Gerald W. Roberts ("Roberts") and A. Blake Rudd's ("Rudd") Unopposed Motion for Withdrawal of Counsel (Dkt. #195), Defendant Unique Motorsports, Inc's ("UMI") Motion for Appointment of Counsel (Dkt. #196), and UMI's Second Unopposed Motion for Extension of Time to Response to Neal Technologies, Inc.'s ("NTI") Motion for Contempt (Dkt. #197). Having considered the pleadings, the Court finds Roberts and Rudd's Unopposed Motion for Withdrawal of Counsel (Dkt. #195) is denied at this time, Defendant UMI Motion for Appointment of Counsel (Dkt. #196) is denied, and UMI's Second Unopposed Motion for Extension of Time to Response to NTI's Motion for Contempt (Dkt. #197) is granted.

## BACKGROUND

Plaintiff NTI brought suit against UMI, Dustin Helms, and Nathan Hall (collectively "Defendants") for trademark infringement, unfair competition, false designation of origin, and false descriptions under the Lanham Act and Texas law. After a jury verdict in August 2016 finding UMI liable of willful unfair competition by its usage of "bulletproof" to identify its goods and services, on January 20, 2017, the Court entered its Final Judgment and Permanent Injunction (Dkt. #184). Shortly thereafter, UMI filed for bankruptcy, which stayed this proceeding. That bankruptcy concluded, having an effective date of October 12, 2017.

In its Final Judgment and Permanent Injunction (Dkt. #184), the Court restrained and enjoined UMI as follows:

> 1. Unique Motorsports, Inc., its owners, officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, shall not, without "bulletproof," "bullet proof," "bullet proof diesel," or similar terms, including all variations that capitalize one or all the letters of these words, as trademarks, service marks, or part of design marks, or in any other manner as a source identifier in connection with the promoting, advertising, offering for sale, selling, or otherwise presenting Unique Motorsports, Inc.'s goods or services that are similar to, or of the same type as, services provided or goods manufactured or sold by NTI.
> . . .
> 5. Whenever Unique Motorsports, Inc., its owners, officers, agents, servants, employees, and attorneys, and all persons acting in concert with them are permitted by the terms of this injunction to use "bulletproof," "bullet proof," "bullet proof diesel," or any of their derivatives, or variations that capitalize one or all the letters of these words in connection with the promoting, advertising, offering for sale, selling, or otherwise presenting Unique Motorsports, Inc.'s goods or services, such advertisement or communication shall include a disclaimer with the following wording: "Unique Motorsports, Inc. is not affiliated with Neal Technologies, Inc., Bullet Proof Diesel, or BulletProofDiesel.com." These disclaimers shall be conspicuous and obvious to the average consumer reading or listening to the advertisement or communication or visiting UMI's website.

On January 19, 2018, NTI filed a Motion for Contempt, asserting that UMI violated the Permanent Injunction through certain Facebook posts (Dkt. #193). It asserts that "[t]hese Facebook posts constitute use by UMI of bulletproof and bulletproofing as source identifiers in connection with the promotion, advertising, or otherwise presenting UMI goods or services that are similar to NTI's goods or services and all are in violation of paragraph 1 of the injunctive order." (Dkt. #193).

On February 1, 2018, Roberts and Rudd filed the pending motion for withdrawal (Dkt. #195). According to the motion, good cause exists for withdrawal because they "are in a fundamental disagreement with UMI as to one of more objectives" and "UMI has decided to discharge [them] from this case" (Dkt. #195 at ¶¶ 3, 4). In its Motion for Appointment, UMI has instructed the Court that it is "unable to pay an attorney" for representation (Dkt. #196 at ¶ 2).

## LEGAL STANDARD

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). An attorney seeking to withdraw bears the burden of proving the existence of good cause and must demonstrate that the attorney's withdrawal will not adversely affect efficient litigation of the suit. *See Mass Engineered Design, Inc. v. Spaceco Bus. Sols., Inc.*, No. 6:14-CV-411, 2016 WL 6883029, at *1 (E.D. Tex. Mar. 22, 2016). The Eastern District of Texas adopted the Texas Disciplinary Rules of Professional Conduct as a guideline for governing the obligations and responsibilities of attorneys appearing before the Court. *See* Local Rule AT-2. Rule 1.15(b) outlines six specific situations in which good cause would exist for withdrawing from representation of a client. *See* Texas Disciplinary Rules of Prof'l Conduct R. 1.15(b)(1)–(6). One justification for attorney withdrawal is if "the client fails [to] substantially fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Texas Disciplinary Rules of Prof'l Conduct R. 1.15(b)(5).

"Even where good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *3 (N.D. Tex. June 15, 2010) (citing *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). This requires the court to consider additional factors including whether the withdrawal will prejudice the other parties and harm the administration of justice. *Id.*

In federal court, "parties are guaranteed by statute the right to proceed *pro se*." *Sprague v. Dep't of Family & Protective Servs.*, 547 F. App'x 507, 508 (5th Cir. 2013) (citing

3

28 U.S.C. § 1654). "This right, however, is limited to appearing on behalf of one's self; one cannot represent another separate legal entity, such as another person, a corporation, or a partnership, pro se." *IntelliGender, LLC v. Soriano*, No. 2:10-CV-125-JRG, 2012 WL 1118820, at *2 (E.D. Tex. Apr. 3, 2012). "As fictional legal entities, corporations and partnerships cannot appear for themselves personally. Their only proper representative is a licensed attorney." *Id.* (citations omitted).

## ANALYSIS

At this time, Roberts and Rudd have not met their burden of proving the existence of good cause for withdrawal, and the Court will not take up the issue of withdrawal until after ruling on NMI's Motion for Contempt. Roberts and Rudd did not demonstrate that their withdrawal would not prejudice the other parties and the administration of justice.

Furthermore, a corporation cannot appear in federal court unless represented by a licensed attorney. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). Corporations cannot appear *pro se,* and one *pro se* litigant cannot represent another. *IntelliGender,* 2012 WL 1118820, at *2. UMI must retain its own counsel in order to defend any claims made here.

The Court has statutory authority to appoint counsel to represent an indigent "person" in a civil suit. *See* 28 U.S.C. § 1915(e)(1). More precisely, Section 1915(e)(1) provides that "[t]he [C]ourt may request an attorney to represent any person unable to afford counsel." *Id.* But this authority is typically exercised only in "exceptional circumstances." *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 261 (5th Cir. 1986).

Although a corporation must be represented by a licensed attorney in litigation in federal court, *see Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam), UMI has failed to make an adequate showing to warrant the Court's appointing

counsel in this case, *see Jackson*, 811 F.2d at 261–62. Furthermore, there is no authority allowing the Court to appoint counsel for a corporation in a civil matter. *See FDM Mfg. Co. v. Scottsdale Ins. Co.*, 855 F.2d 213, 214–15 (5th Cir. 1988) (per curiam) ("Corporations, if litigants, may be presumed to have sufficient assets to pay costs or, if not, the stockholders would have sufficient interest to furnish security."); *Alex Garcia Enterprises, Inc. v. Clear Channel Commc'ns, Inc.*, No. SA-14-CA-365-FB, 2014 WL 12580045, at *6 (W.D. Tex. May 19, 2014), *report and recommendation adopted*, No. SA-14-CA-365-FB, 2014 WL 12580046 (W.D. Tex. June 10, 2014) (following Fifth Circuit precedent that corporations are not entitled to the benefit of in forma pauperis ("IFP") status). *See also Specialty Vehicle Acquisition Corp. v. American Sunroof Corp.*, 2008 WL 344546, *2 (E.D. Mich. Feb.7, 2008) ("There is no provision in a statute, the Federal Rules of Civil Procedure, or the Local Rules allowing this Court to appoint counsel for a corporation in a civil matter. Nor is there are any source of funding available to pay an attorney to represent a corporation in a civil matter.").

## CONCLUSION

It is therefore **ORDERED** that the Gerald W. Roberts and A. Blake Rudd's Motion for Withdrawal as Counsel (Dkt. #195) is hereby **DENIED** at this time.

It is further **ORDERED** that UMI's Motion for Appointment of Counsel (Dkt. #196) is **DENIED**.

It is further **ORDERED** that UMI's Second Unopposed Motion for Extension of Time to Response to NTI's Motion for Contempt (Dkt. #197) is **GRANTED**.

UMI's response must be filed by 5:00 p.m. on Friday, February 16, 2018.

Any reply to UMI's response must be filed according to the local rules.

**SIGNED this 13th day of February, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE